UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

        Plaintiff,                                           Case Number: 2:09-cv-13138-PDB-PJK

v.                                                             Paul D. Borman
                                                              United States District Judge

ERIK PETERSON and LEE
PETERSON, individually and                     Paul J. Komives
d/b/a AMERICAN DIGICOM,                      United States Magistrate Judge

        Defendants,

_____/

**ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' *IN PARI DELICTO* DEFENSE**

**ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT**

This case comes before the Court on Plaintiff's motion for summary judgment and motion to strike. (Dkt. No. 60.) Defendants have filed a response (Dkt. No. 64), and Plaintiff has filed a reply. (Dkt. No. 66.) Oral arguments were heard on Monday, February 28, 2011 at 2:00 p.m. For the following reasons, Plaintiff's motion for summary judgment on her § 2252A claim is DENIED, but her motion to strike Defendants' *in pari delicto* affirmative defense is GRANTED.

**I.    Background**[1]

This case concerns a series of nude and explicit photographs of the Plaintiff.[2] The photos

---

[1] The facts in this section cite to the briefs filed by the parties in relation to Defendants' motion for summary judgment. (Dkt. No. 59.) Defendants' brief in that action is docket number 59, and Plaintiff's response is number 63.

[2] Pursuant to a protective order, Plaintiff is permitted to proceed anonymously and is referred to as Jane Doe in the case caption. (Dkt. No. 6.)

were allegedly taken in May 2007, four months before Plaintiff turned eighteen. (Defs.' Br. in Supp. Mot. for Summ. J. 1.) Plaintiff took the photos at the request of M.G., her then-boyfriend who allegedly was in the Army and eighteen years old at the time. (Sealed Ex. 2, Pl.'s Dep. 39-41, Apr. 9, 2010.) Using a self-timer on her digital camera, Plaintiff took several sexually explicit photos of herself. (Defs.' Br. 1.) She then uploaded the pictures to her father's computer, transmitted them to an online photo website, and sent them to her boyfriend over the internet via the social-networking site MySpace. (*Id.*) Plaintiff claims that she immediately deleted or destroyed all copies of the photos after they were sent. (Pl.'s Resp. 3.) Plaintiff intended the photos to remain private between her and her then-boyfriend. (*Id.*)

Sometime in December of 2008, Plaintiff was informed that the photographs were posted on a website called "Imagebeaver.com." (Defs.' Br. 1.) Plaintiff contacted the website, told them she was sixteen years old in the pictures (in fact, she was seventeen), and demanded that they take them down. (*Id.*; Ex. G, Imagebeaver emails.) A representative from Imagebeaver.com emailed Plaintiff back within two days and informed her that they had been taken down. (*Id.*) Sometime around March 30, 2009, someone using the internet moniker "Creepy Pat" posted twelve photos of Plaintiff on the website "Submityourex.com." (*Id.* at 2.) Defendants have no connection with either of these two websites.

In April of 2009, an unknown person sent nude photos of the Plaintiff to Defendant Erik Peterson's ("Erik") website "exgfpics.com."[3] (*Id.*) The website encourages men to submit nude photos of their "ex-girlfriends, ex-wives, current girlfriend or wife, or any female showing her

---

[3] In 2001, Defendant Erik Peterson began supporting himself as a webmaster, running several adult and non-adult websites. The other adult websites are very distasteful and some of their contents are discussed at greater length during Erik's deposition at pages 170-72.

stuff." (Pl.'s Resp. 2.) The website has a posted list of "submission rules." (Pl.'s Resp. Ex. 7.) One of these rules is that the "models" appearing in the pictures must be 18 years or older. (*Id.*) Erik admitted that he has no way of knowing whether people follow that rule, and that the only additional safeguard he has against posting pictures of minors is that he judges to see whether they could pass for 18. (Dkt. No. 60 Ex. 1, Dep. of Erik Peterson 143:7-9; 168:5-24, May 4, 2010.) He further admitted that he does not comply with the record-keeping provisions of 18 U.S.C. § 2257, which require pornographic displayers to verify and record the age of the people appearing in their materials. (*Id.* at 180:22-181:14.) Another "rule" imposed by Defendants' site requests the person submitting the photo to provide a short description. The rules go on to state that "I will make up a story if you do not include your own." (*Id.*) The pictures at issue in this case were accompanied by a narrative that Erik made up to describe them.

In May 2009, Plaintiff's sister informed her that people at her school were talking about the pictures of Plaintiff on "the ex-girlfriend website." (Pl.'s Dep. 82:12-24.) Upon seeing the images, Plaintiff called M.G. who told her he would figure out who posted the pictures. (*Id.* at 83:8-22.) M.G. informed Plaintiff that he was unable to discover who sent them, but had emailed the website telling them they needed to take the pictures down but they had not responded. (*Id.*) Over the next couple of days, M.G. continued to update Plaintiff about the situation, informing her there still had been no response.

By mid-June, Plaintiff decided to take matters into her own hands and emailed "exgfpics.com" herself. (Pl.'s Resp. 4.) The only contact information available on the website was two email address "webmaster@exgfpics.com" and "admin@exgfpics.com." On June 11, 2009, Plaintiff sent an email to the webmaster address. (*Id.*; Ex. 12.) After not hearing back, and because

3

her pictures had not been removed, Plaintiff sent another email on June 13, 2009, this time to the admin address. (*Id.*) In the emails, Plaintiff informed the reader that the pictures were taken when she was a minor, that they had been submitted without her consent, and demanded that they be removed immediately. (*Id.*)

Erik claims he never saw the emails; the pictures remained up on his website. (Defs.' Br. 2-3.) On August 14, 2009 Plaintiff's Complaint was served on Defendant Lee Peterson ("Lee"), Erik's father. (Pl.'s Br. 14; Ex. 13.) Three days later, on August 17, it was served on Erik. (*Id.*) The photos were taken down the next day, on August 18, 2009. (Pl.'s Br. 14.) Although Erik runs his adult websites alone, Lee was named as a defendant because in 2004 Erik and Lee formed a partnership, American Digicom, to sell 9/11 paraphernalia online. (E. Peterson Dep 72:22-73:10.) Lee's participation in American Digicom is significant because American Digicom is the Registrant for exgfpics.com.[4] (*Id.* at 125:15; Pl.'s Resp. Ex. 3.) Erik originally registered exgfpics.com in his own name, but changed it in 2004 to American Digicom when he started moving into non-adult websites as well. He did this so that when someone looked up one of his non-adult websites they would not see a connection to the pornographic sites. (E. Peterson Dep. 62:20-63:6.)

Despite the fact that Erik named American Digicom as the Registrant for his adult websites, Lee allegedly has no further connection with them. (Defs.' Br. 3.) In fact, Lee alleges that he did not even know the name of his son's websites until he was served with Plaintiff's Complaint. (Defs.' Br. Ex. C, Deposition of Lee Peterson 22:3-4, May 4, 2010.) All of the proceeds from Erik's adult websites go into one account, of which Erik is the sole signator. (E. Peterson Dep. 93:11-16.)

---

[4] Since this lawsuit was instigated, Erik has removed American Digicom as Registrant of his adult websites. (E. Peterson Dep. 124:1-7.)

4

Lee testified that he intended to form a partnership with his son to sell 9/11 shirts and that they created American Digicom to serve that end. (L. Peterson Dep. 11-12.) Erik handled all of the computer aspects of the company, including receiving orders and relaying them to Lee, while Lee was in charge of packaging and shipping orders. (*Id.* at 12-13.) Lee, however, admitted that he never instructed Erik that there were limitations on what he could do with American Digicom, and agreed that Erik was "free to do with American Digicom what he wishes." (*Id.* at 12:25-13:9.)

When Lee was served with Plaintiff's Complaint on August 14, 2010, he called Erik to ask him what was going on. (E. Peterson Dep. 236:13-15.) Erik testified that although his dad explained to him what was in the Complaint, he was unable to take Plaintiff's pictures down that day because he was unable to identify what images needed to be removed based on his father's description. (*Id.* at 236:20-23.) When asked why he did not go over to his parent's house to read the Complaint, a twenty-minute car ride away, Erik stated that his father told him someone was coming to serve him with the Complaint later that day. (*Id.* at 237:8-10.) As a result, the pictures were not taken down until August 18, 2010, the day after Erik was served, following this Court's issuance of a TRO. (*Id.* at 237:16-238:6.)

Plaintiff's Complaint alleges that Defendants violated 18 U.S.C. § 2252A(a)(2), which prohibits anyone from knowingly receiving or distributing child pornography. Plaintiff brings her claim under 18 U.S.C. § 2252A(f) which provides that "[a]ny person aggrieved by reason of the conduct prohibited under subsection (a) or (b) or section 1466A may commence a civil action for the relief set forth in paragraph (2)." Paragraph (2) allows for recovery of injunctive relief, compensatory and punitive damages, as well as costs and reasonable fees for attorneys and expert witnesses. § 2252A(f)(2). Plaintiff also brings a number of state common law claims including:

5

intrusion upon seclusion, public disclosure of private facts, intentional infliction of emotional distress, and negligence.

## II. Standard of Review

Summary judgment is only appropriate if there are no genuine issues of material facts and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 487 (6th Cir. 2006). When applying this standard, courts must view all materials, including all of the pleadings, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the responsibility of establishing no issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *Id.* at 324. The non-moving party must do more than show that there is some abstract doubt as to the material facts. It must present significant probative evidence the issue exists in order to defeat a motion for summary judgment. *See Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

## III. Discussion

### A. Plaintiff's Motion to Strike

Defendants argue that all of Plaintiff's claims are barred by the equitable doctrine *in pari delicto*. (Defs.' Br. in Support of their Mot. for Summ. J. 10-11.) *In pari delicto* "bars a suit at law

or equity where the party seeking relief is himself involved in the wrongdoing." *Schick v. Steiger*, 583 F. Supp. 841, 844 (E.D. Mich. 1984). The doctrine is only applied where the fault or guilt of the parties is approximately equal. *Id.* Defendants claim that because Plaintiff violated 18 U.S.C. § 2252A, by taking sexually explicit photos of herself as a minor and sending them over the internet, the Court should dismiss her claims because they derive from that wrongdoing. (Defs.' Br. 10-11.)

Although it seems clear that Plaintiff is guilty of violating federal laws prohibiting the production and distribution of child pornography, the Court holds that as a matter of law the doctrine is not available to Defendants as an affirmative defense. Several considerations support this conclusion. First, *in pari delicto* only applies if the plaintiff is of equal or greater fault than the defendant. *Schick*, 583 F. Supp. at 844. Second, the United States Supreme Court has cautioned that it is improper to invoke "broad common-law barriers to relief where a private suit serves important public purposes." *Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 138 (1968), *overruled on other grounds by*, *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771-72 (1984).

In *Perma Life*, the Supreme Court held that *in pari delicto* was not a defense to an antitrust claim. *Id.* at 139. The court noted that even though the plaintiff may be "no less morally reprehensible than the defendant," the Sherman Antitrust Act encouraged his action to promote the public policy of deterring anti-competitive practices. *Id.* The court was not persuaded by the defendant's argument that permitting a plaintiff to recover when he himself violated the Act would encourage continued violations because such plaintiffs remain subject to the civil and criminal penalties of their own conduct. *Id.* The Supreme Court reversed the Court of Appeals's judgment that the doctrine barred the plaintiff's claims, and remanded the case for trial. *Id.* at 142. *Perma Life*

demonstrates that the Court may rule that the doctrine does not apply as a matter of law.

Finally, Plaintiff is a member of the class of persons 18 U.S.C. § 2252A was designed to protect – minors. *See Longstreth v. Gensel*, 423 Mich. 675, 698 (1985). In *Longstreth*, the Michigan Supreme Court held that the estate of a deceased minor, who died from crashing his own car after getting drunk at a wedding, could maintain a cause of action against the hosts of the wedding under a Michigan statute prohibiting persons from furnishing liquor to minors. *Id.* The court stated "this underage guest can assert a cause of action for his own injuries, since he clearly falls within the class of persons which the statute intends to protect." *Id.* Defendants have not directed the Court's attention to any cases applying the *in pari delicto* defense to defeat claims brought by plaintiffs who fall within the class of persons a statute is trying to protect. Indeed, the vast majority of cases discussing this topic involve securities fraud or conspiracies. *See, e.g.*, *In re Dublin Sec., Inc.*, 133 F.3d 377, 380 (6th Cir. 1997).

Analysis of these factors establishes that *in pari delicto* is not a valid affirmative defense in this case. Even though Plaintiff violated § 2252A, the Child Pornography Protection Act of 1995 (the "CPPA") is clearly an extensively detailed legislative scheme designed to police child pornography. One of the ways in which it discourages child pornographers is by permitting civil actions against them. § 2252A(f). As a result, this Court should not allow "broad common-law barriers to relief where a private suit serves important public purposes." *See Perma Life*, 392 U.S. at 138. Plaintiff is also a member of the class the CPPA was designed to protect. Additionally, Plaintiff is not equally culpable. The harm Plaintiff complains of is not the creation of the photos themselves, but rather their widespread dissemination on the internet without her consent. In this respect, it is not clear that Plaintiff is of greater or equal fault than Defendants. *See Schick*, 583 F.

Supp. at 844.

Finally, the CPPA enumerates various affirmative defenses to section 2252A(a)(5).[5] § 2252A(d). Not only does section 2252A(d) not allow affirmative defenses to section 2252(A)(a)(2), but it does not list *in pari delicto* as one of the articulated defenses. This further reinforces the conclusion that the doctrine is not a permissible affirmative defense in this case as a matter of law. Accordingly, the Court GRANTS Plaintiff's motion to strike Defendants' use of *in pari delicto* as an affirmative defense.

### B.     18 U.S.C. § 2252A

Plaintiff also moved for summary judgment on her claim that Defendants violated 18 U.S.C. § 2252A(a)(2). (Pl.'s Br. in Supp. Mot. for Summ. J. 8.) Section 2252A(a)(2) prohibits any person from knowingly receiving or distributing child pornography that has traveled in interstate or foreign commerce. This scienter requirement extends both to the sexually explicit nature of the material and to the age of the performer. *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994). Plaintiff contends that no genuine issues of material fact exist regarding whether Defendants satisfied the statute's "knowingly" requirement based on one or more of the following theories: Plaintiff claims Defendants "knowingly" possessed and distributed sexually explicit photos of her as a minor because Erik's failure to adhere to the record-keeping provisions of § 2257, which require publishers of pornographic material to verify the age of models, should preclude him from defending himself by claiming he did not know how old she was. (Pl.'s Br. 10.) Alternatively, Plaintiff contends that her June emails clearly stated that she was a minor, and that Defendants knowingly

---

[5] Although Plaintiff claims that Defendants violated section 2252A(a)(2), this section shows that Congress identified the affirmative defenses it intended to permit defendants to raise.

violated the statute during the months the pictures remained posted on exgfpics.com.   Even if Defendants claim to have not read the emails, Plaintiff argues that this, coupled with Erik's total lack of any verification procedures, demonstrates that Defendants were "deliberately ignorant" of her age, which can satisfy the statute's "knowingly" requirement.  (Pl.'s Reply 1.)  If nothing else, Plaintiff argues her pictures remained posted on the internet four days after Lee Peterson was served with the Complaint, and one day after Erik was.  Plaintiff claims that during that interim time period, Defendants undisputedly knew she was a minor and therefore knowingly violated § 2252A.  (*Id.* at 3.)

The Court disagrees.  First and foremost, there is a genuine issue of material fact as to how old Plaintiff was when she originally took the pictures at issue.  Although Plaintiff maintained that she sent the pictures to her then-boyfriend M.G. while he was in the Army (Pl.'s Dep. 39-41), M.G. gave a strikingly different account of the events.  (Defs.' Br. in Supp. of Mot. for Summ. J. Ex. F, Deposition of M.G., 46:5-47:16, June 7, 2010.)  M.G. testified that although he requested the photos at issue, he did not receive any of them while he was serving in the Army.  (*Id.*)  He claimed he did not get them until two months after he left the Army and was living in Memphis.  (*Id.*)  Defendants argue that this casts doubt as to how old Plaintiff really was in the pictures.  (Defs.' Resp. 2 n.2.)  They claim that if M.G.'s account is correct, Plaintiff would have taken the images a few months after her eighteenth birthday.[6]  (*Id.*)  This alone is enough to preclude the Court from granting Plaintiff's motion for summary judgment.

Even if her age at the time the pictures were taken was not in dispute, the Court would still

---

[6] Plaintiff testified that she took the pictures the same day that she sent them to M.G. (Pl.'s Dep. 51:9-10.)  There is nothing in the record to indicate when M.G. left the Army, or when Plaintiff turned eighteen.

10

deny Plaintiff's motion. First, failure to adhere to the record-keeping provisions of § 2257 does not expose the defendant to civil liability. *See In re Grand Jury Subpoena Duces Tecum to John Doe 1,* 368 F. Supp. 2d 846, 849 (W.D. Tenn. 2005) ("Section 2257 does not provide for any other types of penalties. Moreover, § 2257 does not provide for any civil enforcement mechanisms."). The *In re Grand Jury* court added, "[section] 2257 may be enforced *only* through criminal penalties." *Id.* at 853 (emphasis in the original). Additionally, 18 U.S.C. 2255 enumerates when individuals may pursue civil remedies for their injuries. It states that a plaintiff may sue for personal injuries if those injuries are incurred in connection with the defendant's violation of sections 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423. Notably, section 2257 is absent from that (extensive) list.

Other courts have declined to accept Plaintiff's argument that establishing the defendant violated section 2257 is sufficient to demonstrate that he "knowingly" violated section 2252A. *See, e.g.*, *Breitfeller v. Playboy*, No. 8:05CV405 T30TGW, 2007 WL 294233, at *4-5 (M.D. Fla. Jan. 29, 2007) (Moody, J.) In *Breitfeller*, women sued several defendants for distributing a video of them participating in a wet t-shirt contest in Florida during Spring break when they were seventeen. *Id.*, at *1. The court rejected the plaintiffs' argument that because the defendants failed to obtain identification or age records as required by section 2257, Playboy knew or should have known there was a risk the images contained minors, and that its decision to remain ignorant as to the plaintiffs' ages therefore satisfied the statute's knowingly requirement. *Id.*, at *4-5.

Plaintiff's June emails similarly do not prove that Defendants knew she was a minor or establish that Erik Peterson was deliberately ignorant of that fact as a matter of law. In *Breitfeller*, the court held that the defendants did not have *actual* knowledge that the plaintiffs were minors even

11

after their attorneys sent them a letter indicating their videos contained images of minors. *Id.*, at *5. The letter did not contain a picture of the plaintiffs or their birth certificates, evidencing their date of birth. *Id.* The court held that the letter, standing alone, "would not impart actual knowledge that the videos at issue contained minors." *Id.* It did, however, find that the letter placed the defendants on "inquiry notice," which required the defendants to investigate the matter further. *Id.*

Assuming Erik did not read the emails, that too does not establish that he was deliberately ignorant as a matter of law. All the cases that discuss deliberate indifference, including the one case cited by Plaintiff, analyze whether it was proper to issue an instruction allowing the jury to infer sufficient knowledge from evidence that the defendant "acted with a reckless disregard for the truth or with a conscious purpose to avoid learning the truth." *See, e.g.*, *United States v. Gullett*, 713 F.2d 1203, 1212 (6th Cir. 1983); *see also United States v. Geisen*, 612 F.3d 471, 485-86 (6th Cir. 2010); *United States v. Lee*, 991 F.2d 343, 349-50 (6th Cir. 1993) (quoting *Pattern Criminal Jury Instructions*, 2.09 U.S. Sixth Circuit District Judges Ass'n (West 1991)).

There are some opinions that address deliberate indifference at the summary judgment stage, but they are cases dealing with claims brought by prisoners or detainees for the Constitutional tort denial of medical care, which requires showing that the defendants acted with "deliberate indifference" to the plaintiff's medical needs. *See, e.g.*, *Estate of Owensby v. City of Cincinnati*, 385 F. Supp. 2d 625, 647 (S.D. Ohio 2004).

Furthermore, Defendants argue that they cannot be found deliberately indifferent because there was no reason to suspect that Plaintiff was a minor from looking at the pictures. (Defs.' Br. 12.) Indeed, Plaintiff admitted that there was nothing in the picture to signal to the viewer she was a minor. (Pl.'s Dep. 46:14-22.) "Knowledge through deliberate indifference occurs where a party

acts with an awareness of the high probability of the existence of the fact in question." *See Tilton v. Playboy Entm't Group, Inc.*, 554 F.3d 1371, 1378 (11th Cir. 2009) (quoting *United States v. Hristov*, 466 F.3d 949, 952 (11th Cir. 2006)).

In *Tilton*, the plaintiff sued various defendants for filming her participate in sexually-themed contests during Spring break while she was a minor and then distributing the video.[7] *Id.* The court rejected the plaintiff's argument that even if the defendant did not have actual knowledge of how old she was they violated section 2252A(a) because they were deliberately indifferent of her age. *Id.* The court agreed with the district court, which granted the defendant's motion for summary judgment, that nothing in the pictures depicted anyone with the obvious appearance of a minor. *Id.* The Eleventh Circuit affirmed the district court's ruling, stating "[w]e cannot say that [the defendant] was aware of a high probability that Tilton was a minor when he observed Tilton, who was seventeen years and ten months old and looked like an adult, participate in sexually-themed contests where alcohol was served." *Id.*

*Tilton* alone negates the possibility that Plaintiff is entitled to summary judgment on the theory that Defendants were deliberately indifferent about her age. At best, Plaintiff's allegations establish that there is a genuine issue of material fact regarding whether Defendants knew she was a minor in the pictures (because they read her emails) or that they were deliberately indifferent to that fact (because they had no verification procedures in place and failed to monitor the website's email accounts). This does not, however, amount to proof that Defendants violated 18 U.S.C. § 2252A as a matter of law.

---

[7] This case is one of many cases involving the filming of young women during Spring break in Daytona Beach, Florida in 2001 and is a companion case of *Brietfeller*.

Finally, Plaintiff's allegations that Defendants satisfied the statute's knowingly requirement by leaving the pictures posted for four days after Lee was served with the Complaint and a day after Erik was served is also insufficient to support Plaintiff's motion for summary judgment. In *Tilton v. Deslin Hotels, Inc.*, No. 8:05-cv-692, 2007 WL 3072374 (M.D. Fla. Oct. 19, 2007) (Moody, J.),[8] the court found that removal of the images at issue within three to four months of being served with the plaintiff's complaint was reasonable and did not subject the defendants to liability. *Id.*, at *2.

The Court, at this time, will not rule that as a matter of law, that waiting even four days after receiving the Complaint before taking down the pictures is unreasonable and necessarily subjects Defendants to liability under 18 U.S.C. § 2252A(a). Furthermore, the Court, at this time, will not hold as a matter of law that Lee violated the statute because he did not exercise control over the pictures.[9] *See United States v. Kuchinski*, 469 F.3d 853, 863 (9th Cir. 2006) ("Where a defendant lacks knowledge about the cache files, and concomitantly lacks access to and control over those files, it is not proper to charge him with possession and control of the child pornography images located in those files, without some other indication of dominion and control over the images.").

Even though Erik spoke to his father after Lee was served with the Complaint, he testified that his father's description did not provide him with sufficient information to remove the pictures. (E. Peterson Dep. 236:20-23.) As a result, the real question is whether removing the pictures after one day is a reasonable amount of time. At this stage the Court cannot say that Defendants' conduct

---

[8] This case is also one of many cases involving the filming of young women during Spring break in Daytona Beach, Florida in 2001 and is a companion case of *Tilton v. Playboy*.

[9] This does not mean that Lee cannot be liable for Plaintiff's damages if Erik violated the statute while acting in the ordinary course of their partnership. This topic is discussed in the accompanying order.

after being served with the Complaint was so unreasonable as a matter of law to impose liability under § 2252A(a).

**IV.     Conclusion**

For the reasons stated above, Plaintiff's motion to strike Defendants' *in pari delicto* affirmative defense is GRANTED, but Plaintiff's motion for summary judgment that Defendants violated 18 U.S.C. § 2252A is DENIED.

SO ORDERED.

S/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  March 24, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 24, 2011.

S/Denise Goodine<br>
Case Manager

15